# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRI GLOVER** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**INDEX OF DOCUMENTS FILED IN STATE COURT**

| Exhibit | Description |
|---|---|
| 1 | Docket Sheet |
| 2 | Plaintiff's Original Petition |
| 3 | Citation to Texas Instruments, Inc. |
| 4 | Return of Service |
| 5 | Defendant's Original Answer to Plaintiff's Original Petition |
| 6 | Texas Instruments, Incorporated's Rule 91a Motion to Dismiss |
| 7 | Plaintiff's First Amended Petition |
| 8 | Dismissal Hearing 4/16/21 |

46106407.1

## Case Information

CC-21-00225-C | TERRI GLOVER vs.TEXAS INSTRUMENTS, INC.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| CC-21-00225-C | County Court at Law No. 3 | MONTGOMERY, SALLY |
| File Date | Case Type | Case Status |
| 01/19/2021 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
GLOVER, TERRI

Active Attorneys▾
Lead Attorney
SCOTT, MATTHEW R
Retained

DEFENDANT
TEXAS INSTRUMENTS, INC.

Address
SERVE ITS REGISTERED AGENT: CT CORPORATION
SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys▾
Lead Attorney
FUNK, ROBYN M
Retained

## Events and Hearings

01/19/2021 NEW CASE FILED (OCA)

01/19/2021 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF S ORIGINAL PETITION

01/20/2021 ISSUE CITATION ▾

ISSUE CITATION

Comment
ESERVE# 50172256

01/20/2021 JURY TRIAL DEMAND

01/22/2021 CITATION (SERVICE) ▾

Served
01/25/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
01/27/2021
Comment
TEXAS INSTRUMENTS, INC.

01/27/2021 RETURN OF SERVICE ▾

RETURN OF SERVICE TEXAS INSTRUMENTS, INC.

Comment
TEXAS INSTRUMENTS, INC.

01/29/2021 CITATION (SERVICE) ▾

Unserved

Anticipated Server

ATTORNEY

Anticipated Method
Comment
AMENDED CITATION

02/15/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

02/15/2021 MOTION - DISMISS ▾

MOTION TO DISMISS

02/15/2021 AMENDED PETITION ▾

FIRST AMENDED PETITION

Comment
FIRST AMENDED PETITION

04/16/2021 DISMISSAL HEARING ▾

CCL#3 DWOP 165a

CCL#3 DWOP 165a

Judicial Officer
MONTGOMERY, SALLY

Hearing Time
9:00 AM

## Financial

GLOVER, TERRI
Total Financial Assessment                                    $321.00
Total Payments and Credits                                    $321.00

1/20/2021                                                      $321.00

| | | Transaction Assessment | | | |
|---|---|---|---|---|---|
| 1/20/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-00556 | GLOVER, TERRI | ($321.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

CITATION 2012

RETURN OF SERVICE TEXAS INSTRUMENTS, INC.

ISSUE CITATION

CCL#3 DWOP 165a

CCL#3 DWOP 165a

ORIGINAL ANSWER

MOTION TO DISMISS

FIRST AMENDED PETITION

FILED
1/19/2021 2:50 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-00225-C
_____

| | | |
|---|---|---|
| **TERRI GLOVER,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Plaintiff Terri Glover (Plaintiff) files this Original Petition against Defendant Texas Instruments, Inc. (Defendant).

### II.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### III.

### PARTIES

2.      Plaintiff is an individual and a citizen of Van Zandt County, Texas.

3.      Defendant is a foreign with its principal place of business located at 12500 TI Boulevard, Dallas, Texas 75243.  Defendant may be served with process, including citation and a copy of this petition, by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

---

## IV.

## <u>JURISDICTION</u>

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Defendant employs the requisite number of employees for coverage under the relevant state laws and statutes upon which Plaintiff's claims are based.

6.      As required by Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## <u>VENUE</u>

7.      Venue is proper in Dallas County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[2]

## VI.

## <u>BACKGROUND FACTS</u>

8.      Plaintiff worked for Defendant from 1979 until she was unlawfully terminated on or about January 2, 2018.

9.      At the time of her termination, Plaintiff was 59 years old.

10.     In 2014, John Daniels became Plaintiff's supervisor.

11.     Daniels immediately told Plaintiff she was a poor employee.

12.     Daniels based this off one month's numbers rather than Plaintiff's thirty-four-year work history.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

13.     Plaintiff reported to Defendant that she believed Daniels was targeting her because of her age.

14.     Over the next three years Daniels targeted Plaintiff and several other female employees.

15.     In early 2017, Plaintiff again reported to Defendant that Daniels was discriminating against her because of her age.

16.     Shortly after this Daniel placed Plaintiff on a bogus performance improvement plan.

17.     Daniel then terminated Plaintiff's employment.

18.     Daniels targeted only older female workers in purging his group.

### VII.

### CONDITIONS PRECEDENT

19.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and the Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

20.     The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

21.     More than 180 days have passed since the Charge was filed and no action has been taken.

22.     Plaintiff has timely exhausted all administrative remedies.

## VIII.

## CAUSES OF ACTION

**A.    First Cause of Action—Sex Discrimination—TCHRA[3]**

23.    Plaintiff incorporates each of the foregoing paragraphs.

24.    Defendant discriminated against Plaintiff because of Plaintiff's sex.

25.    Plaintiff was treated differently than similarly situated males.

26.    Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.    Second Cause of Action—Sex Discrimination—Discriminatory Discharge—TCHRA**

27.    Plaintiff incorporates each of the foregoing paragraphs.

28.    Defendant discriminated against Plaintiff because of Plaintiff's sex, and terminated Plaintiff's employment because of her sex.

29.    Defendant's actions violated section 21.051 of the Texas Labor Code.

**C.    Fourth Cause of Action—Age Discrimination—TCHRA**

30.    Plaintiff incorporates each of the foregoing paragraphs.

31.    Defendant discriminated against Plaintiff because of Plaintiff's age.

32.    Defendant's actions violated section 21.051 of the Texas Labor Code.

**D.    Fifth Cause of Action—Discrimination—Discriminatory Discharge —TCHRA**

33.    Plaintiff incorporates each of the foregoing paragraphs.

34.    Defendant terminated Plaintiff's employment because of Plaintiff's age.

35.    Defendant's actions violated section 21.051 of the Texas Labor Code.

---

[3] Texas Commission on Human Rights Act.

---

E.    **Sixth Cause of Action—Unlawful Retaliation—TCHRA**

36.    Plaintiff incorporates each of the foregoing paragraphs.

37.    Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

38.    In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

39.    Defendant's actions violated section 21.055 of the Texas Labor Code.

### IX.

### DAMAGES

40.    Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

41.    Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

42.    Plaintiff seeks all damages available under the TCHRA.

### X.

### ATTORNEYS' FEES AND COSTS

43.    Plaintiff incorporates each of the foregoing paragraphs.

44.    Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

45.    Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

46.     Plaintiff incorporates each of the foregoing paragraphs.

47.     Plaintiff requests the Court enter an order providing injunctive and declaratory

relief including, but not limited to:

      a.     Prohibiting Defendant from engaging in unlawful discrimination;

      b.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      c.     Reinstating Plaintiff's employment with Defendant with backpay;

      d.     Paying court costs;

      e.     A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

      f.     Any additional equitable relief as the Court deems proper.

## XII.

## JURY TRIAL

48.     Plaintiff incorporates each of the foregoing paragraphs.

49.     Plaintiff demands a jury trial.

## XIII.

## <u>PRAYER</u>

50.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiff:

      A.     Back pay and front pay (including benefits);

      B.     Compensatory damages;

      C.     Punitive damages;

      D.     Reasonable attorneys' fees and expert fees;

      E.     Injunctive and declaratory relief, including but not limited to, an Order:

            a.     Prohibiting Defendant from engaging in unlawful discrimination;

            b.     Reinstating Plaintiff's employment with Defendant with backpay;

            c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

            d.     Paying court costs;

            e.     A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

            f.     Any additional equitable relief the Court deems proper;

      F.     Courts costs;

      G.     Pre-judgment and post-judgment interest at the rate set by law; and

      H.     All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@mattscottlaw.com
**SCOTT LAW FIRM PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-21-00225-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**TEXAS INSTRUMENTS, INC.**
**SERVE ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TX  75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this amended citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this amended citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you." In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**TERRI GLOVER**
*Plaintiff(s)*

**VS.**

**TEXAS INSTRUMENTS, INC.**
*Defendant(s)*

Filed in said Court on the 19th day of January, 2021a copy of which accompanies this amended citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 29th day of January, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By_____, Deputy
         Momodou Bayo



| ATTORNEY |
| --- |
| **AMENDED**
**CITATION**
**PLAINTIFF'S ORIGINAL PETITION** |

**CC-21-00225-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

TERRI GLOVER, *Plaintiff(s)*

**VS.**

TEXAS INSTRUMENTS, INC., *Defendant(s)*

**SERVE:**
**TEXAS INSTRUMENTS, INC.**
**SERVE ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TX  75201**

**ISSUED THIS**
**29TH DAY OF JANUARY, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET, SUITE 550
DALLAS, TX  75202
214-965-9675

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-21-00225-C     County Court at Law No. 3

TERRI GLOVER vs. TEXAS INSTRUMENTS, INC.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX  75201

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to TEXAS INSTRUMENTS, INC. in person, a true copy of this amended citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____
and the cause or failure to execute this process is:

_____
and the information received as to the whereabouts of said defendant(s) being:

_____

            Serving Petition and Copy $_____     _____, Officer

            Total     $_____     _____, County, Texas

                    By:_____, Deputy

                   _____, Affiant

FILED
1/27/2021 11:47 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Electronically Served
1/22/2021 9:01 AM

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-21-00225-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**TEXAS INSTRUMENTS, INC.**
**SERVE ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**TERRI GLOVER**
*Plaintiff(s)*

VS.

**TEXAS INSTRUMENTS, INC.**
*Defendant(s)*

Filed in said Court on the 19th day of January, 2021a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 22nd day of January, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk



By_____, Deputy
Momodou Bayo



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-21-00225-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

TERRI GLOVER, *Plaintiff(s)*

VS.

TEXAS INSTRUMENTS, INC.,
*Defendant(s)*

**SERVE:**
**TEXAS INSTRUMENTS, INC.**
**SERVE ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TX 75201**

**ISSUED THIS**
**22ND DAY OF JANUARY, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET, SUITE 550
DALLAS, TX 75202
214-965-9675

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-00225-C   County Court at Law No. 3

TERRI GLOVER vs. TEXAS INSTRUMENTS, INC.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

**Fees:**
Came to hand on the 23rd day of January , 2021 , at 3:55 o'clock P.m., and executed in Dallas County, Texas by delivering to TEXAS INSTRUMENTS, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Texas Instruments, Inc. by serving registered agent CT Corporation System | 1/25/21 at 9:58 AM | 1999 Bryan Street Suite 900, Dallas, Texas 75201 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy    $_____    _____, ~~Officer~~

Total   $_____    _____ Dallas ____, County, Texas

By: Greg Allen PSC696d , ~~Deputy~~

Greg Allen , Affiant

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 50081113
Status as of 1/27/2021 12:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MATTHEW R.SCOTT | | matt@mattscottlaw.com | 1/27/2021 11:47:01 AM | SENT |

## CAUSE NO. CC-21-00225-C

| | | |
|---|---|---|
| TERRI GLOVER, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 3 |
| | § | |
| TEXAS INSTRUMENTS, INC., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Texas Instruments Incorporated[1] ("Defendant" or "Texas Instruments") files this Original Answer to Plaintiff's Original Petition ("Petition") filed by Plaintiff Terri Glover ("Plaintiff") and states:[2]

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all the allegations contained in the Petition and demands strict proof thereof in accordance of the laws of the State of Texas.

### II.
### DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Texas Instruments asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Texas Instruments and are Plaintiff's burden to prove. Texas Instruments expressly reserves its right to assert additional defenses as discovery progresses.

---

[1] The correct name of the Defendant is Texas Instruments Incorporated.

[2] Defendant is filing contemporaneously herewith a Motion to Dismiss pursuant to Rule 91a.

1

1.      Plaintiff's claims are barred, in whole or in part, by her failure to allege facts sufficient to constitute a cause of action.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, those statutes of limitations under the Texas Labor Code, including, but not limited to, § 21.256 therein.

3.      Plaintiff's claims are barred to the extent Plaintiff's Texas Labor Code claims concern discrete events alleged to have occurred more than 180 days before the filing of her Charge of Discrimination.

4.      Plaintiff's claims are barred to the extent Plaintiff did not timely comply with, fulfill and/or exhaust all applicable administrative procedures and remedies and/or did not satisfy all conditions precedent.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Texas Workforce Commission – Civil Rights Division ("TWC") and Equal Employment Opportunity Commission ("EEOC").

6.      At all times during Plaintiff's employment, Plaintiff was an employee at-will, employed for an indefinite period, and could be discharged with or without notice and with or without cause.

7.      All decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory reasons that were in no way related to Plaintiff's alleged protected activity, or any other protected status.

8.     Defendant would have made the same employment decisions with regards to Plaintiff in the absence of any discriminatory or otherwise unlawful motive, and such motive is denied.

9.     Plaintiff's claims are barred because Texas Instruments has, in good faith, acted in conformity with Chapter 21 of the Texas Labor Code.  Texas Instruments has in place clear and well-disseminated policies against discrimination and retaliation and a reasonable and available complaint procedure that provides for prompt and effective responsive action.

10.     Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, consent, unclean hands, and/or laches.

11.     Plaintiff's claim for compensatory damages are subject to the limitations set forth in Texas Labor Code § 21.2585.

12.     Plaintiff is not entitled to exemplary/punitive damages.  Any award of punitive damages in this case would violate the Texas Constitution and the United States Constitution. Accordingly, Defendant pleads and invokes the application of the limitations placed on awards of damages under Chapter 41 of the Texas Civil Practice & Remedies Code, including, but not limited to, Section 41.008 of the same, and by the constitutions of both Texas and the United States.

13.     Plaintiff has failed to take reasonable steps to mitigate her damages, if any. Accordingly, Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced.

14.     Defendant asserts that to the extent that Plaintiff is alleging lost wages and lost earning capacity, such recovery, if any, is limited to post-taxed earnings or net earnings, pursuant

to Section 18.091 of the Texas Civil Practice and Remedies Code and other applicable statutes and/or case law.

15.     Any alleged lost wages and damages are barred after the date Plaintiff finds and/or has found substantially equivalent employment. Alternatively, Defendant is entitled to an offset for any subsequent earnings earned by the Plaintiff pursuant to the Texas Labor Code.

16.     Plaintiff's injuries and damages, if any, were wholly or partially caused by her own conduct and were not caused by or attributable to Defendant.

17.     Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

18.     Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

Defendant retains the right to add any other and further affirmative defenses in compliance with the Texas Rules of Civil Procedure and/or the Court's scheduling order.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by way of her pleadings, that Defendant be dismissed and recover the costs expended herein, and for any and all further relief, at law or in equity, to which Defendant shows itself justly entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, PC

*/s/ Robyn Funk*
Robyn Funk
Texas SBN: 24104415
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
(214) 987-3800 - Phone
(214) 987-3927 - Fax
robyn.funk@ogletree.com

Stephen E. Hart
Texas SBN: 00793911
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
(713) 655-5772 – Phone
(713) 655-0020 – Fax
stephen.hart@ogletree.com

**ATTORNEYS FOR DEFENDANT**
**TEXAS INSTRUMENTS INCORPORATED**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 15, 2021, the foregoing document was electronically filed with the Clerk of the Court using the electronic filing system, which will send notification of such filing to all parties and counsel of record.

<u>*/s/ Robyn Funk*</u>
Robyn Funk

45875016.1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Nancy Dushion on behalf of Robyn Funk
Bar No. 24104415
nancy.dushion@odnss.com
Envelope ID: 50653727
Status as of 2/22/2021 8:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| MATTHEW R.SCOTT | | matt@mattscottlaw.com | 2/15/2021 8:28:33 AM | SENT |
| MATTHEW R.SCOTT | | matt@mattscottlaw.com | 2/15/2021 8:28:33 AM | SENT |
| Robyn Funk | | robyn.funk@ogletree.com | 2/15/2021 8:28:33 AM | SENT |
| BeLinda Redwine | | belinda.redwine@ogletreedeakins.com | 2/15/2021 8:28:33 AM | SENT |
| Stephen E.Hart | | stephen.hart@ogletree.com | 2/15/2021 8:28:33 AM | SENT |

FILED
2/15/2021 8:33 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**CAUSE NO. CC-21-00225-C**

| | | |
|---|---|---|
| **TERRI GLOVER,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 3** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

**TEXAS INSTRUMENTS INCORPORATED'S RULE 91a MOTION TO DISMISS**

Defendant Texas Instruments Incorporated, incorrectly named by Plaintiff as "Texas Instruments, Inc." ("Defendant" or "Texas Instruments") files this Motion to Dismiss Plaintiff's Original Petition ("Motion"), moving the Court to dismiss Plaintiff's claims pursuant to Texas Rule of Civil Procedure 91a because Plaintiff's claims have no basis in law. Accordingly, Defendant would show the Court as follows:

**I.**
**INTRODUCTION**

Plaintiff is a former Pricing Specialist for Texas Instruments. On January 19, 2021, Plaintiff filed this lawsuit ("Petition") against Texas Instruments, alleging the following causes of action under Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act or "TCHRA") based on her employment termination and actions that allegedly occurred during her employment with Texas Instruments: sex and age discrimination under Texas Labor Code § 21.051 and retaliation under Texas Labor Code § 21.055. *See* Pl's Petition. ¶¶ 23-26, 28-29, 31-32, 34-35, and 37-39. This Motion addresses each of Plaintiff's causes of action.

In her Petition, Plaintiff alleges that her employment with Texas Instruments was "unlawfully terminated on or about January 2, 2018." *See* Pl's Petition. ¶ 8. Decisively, Plaintiff also alleges that she "***filed a Charge of Discrimination*** with the Equal Employment Opportunity

Commission, and the Charge was dual filed *with the Texas Workforce Commission* pursuant to those agencies' work sharing agreement ... *within 180 days after the date on which the complained of employment practices were committed*." *See* Pl's Petition. ¶¶ 19-20 (Emphasis added). Accordingly, taking the allegations of Plaintiff's Petition as true solely for purposes of this Motion, *July 1, 2018 (i.e., 180 days after January 2, 2018) was the latest date Plaintiff could have filed her Charge of Discrimination with the EEOC and the Texas Workforce Commission.*[1]

Texas Labor Code section 21.256 provides that "[a] civil action may not be brought under this subchapter later than the second anniversary of the date" on which the complaining party filed a charge of discrimination with the Texas Workforce Commission ("TWC") Civil Rights Division. Tex. Lab. Code § 21.256. However, Plaintiff filed this lawsuit on January 19, 2021, over two and a half years after July 1, 2018. Accordingly, because Plaintiff's Petition shows that her claims are untimely and legally improper, Plaintiff's claims have no basis in law, and the Court should dismiss Plaintiff's claims with prejudice.

## II.
## ARGUMENTS & AUTHORITIES

### A.    Rule 91a Motion to Dismiss Standard.

Texas Rule of Civil Procedure 91a provides that "a party may move to dismiss a cause of action on the grounds that it has *no basis in law or fact*." Tex. R. Civ. P. 91a.1 (Emphasis added). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

In ruling on a Rule 91a motion, a court "may not consider evidence ... and must decide

---

[1] In her Petition, Plaintiff alleges that she was subjected to alleged discrimination and retaliation from *2014* through her discharge on January 2, 2018. *See* Pl's Petition. ¶¶ 10-18.

the motion based solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6.  In other words, "Rule 91a limits a court's factual inquiry to the plaintiff's pleadings but does not so limit the court's legal inquiry."  *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020).  "The rule does not limit the universe of legal theories by which the movant may show that the claimant is not entitled to relief based on the facts as alleged."  *Id*. at 655.  Accordingly, "Rule 91a permits dismissal based on an affirmative defense."  *Id*. at 653.[2]  Specifically, "Rule 91a permits motions to dismiss based on affirmative defenses 'if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.'"  *Id*.; *accord Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC,* No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 30, 2019, pet. denied) (mem. op) ("this Court and others have upheld rule 91a dismissals on the basis of affirmative defenses when the pleadings established the applicable defense."); *Galan Family Tr. v. State*, No. 03-15-00816-CV, 2017 WL 744250, at *3 (Tex. App.—Austin Feb. 24, 2017, pet. denied) (mem. op.) (Affirming district court order dismissing claims under Rule 91a based on the statute of limitations).

B.     **Plaintiff's claims under TCHRA are time-barred and her Petition should be dismissed.**

A party bringing a statutory cause of action must meet all the statutory requirements. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex. 1986).  Chapter 21 of the Texas Labor Code establishes a comprehensive administrative and judicial review system for individuals to obtain relief for alleged unlawful employment practices.  *See* Tex. Lab. Code § 21.001 *et seq*.  In order to assert a claim under Chapter 21, a plaintiff must first file a charge of employment discrimination with the TWC Civil Rights Division within 180 days of the alleged

---

[2] "In deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court."  *Id*. at 656.

unlawful employment practice.  Tex. Lab. Code § 21.202(a).  Once a plaintiff files a charge, he or she must then file a lawsuit no later than two years after the date the charge was filed.  *See* Tex. Lab. Code § 21.256 ("A civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed."); *Vu v. ExxonMobil Corp.*, 98 S.W. 3d 318, 320-21 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ("The trigger date for the running of [Plaintiff's] 2-year statute of limitations pursuant to Tex. Labor Code Ann. § 21.256 … is found to be the date that [Plaintiff] first filed written paperwork with the Commission")[3]

The two-year statute of limitations in Section 21.256 is mandatory.  *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010).  Further, actions taken or delays allegedly caused by administrative agencies such as the EEOC and TWC *cannot* enlarge this statutory time limit.  *See Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 71 (Tex. App.—Austin 1990, no writ) (TWC's delay in sending notice letter did not postpone the statutory deadline to sue).   Thus, a party *must* file suit within this two-year period, *regardless* of whether—or when—she received a notice of right to sue letter from the TWC.  *Univ. of Tex.—MD Anderson Cancer Ctr. v. Porter*, No. 14-17-00107-CV, 2017 WL 5196146, at *3 (Tex. App.—Houston [14th Dist.] Nov. 2, 2017, no pet.) (mem. op.) ("***Under the plain language of section 21.256, appellee had two years from the date of filing her complaint to file her civil suit.  This limitation is separate from and in addition to the requirement of section 21.254 that suit must be filed within sixty days of receiving notice of the right to sue.'"*) (Emphasis added) (Internal citations omitted); *Ledesma v. Allstate Ins. Co.*, 68 S.W.3d 765, 772 (Tex. App.—Dallas 2001, no pet.) ("***Regardless*** of

---

[3] *See also Owens v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:16-CV-3162-L, 2017 WL 3190727, at *4, (N.D. Tex. May 16, 2017), *report and recommendation adopted*, No. 3:16-CV-3162-L, 2017 WL 3172748 (N.D. Tex. July 26, 2017) ("The TCHRA creates a ***two-year*** statute of limitations ***from the date the complainant files his administrative charge with the TWC***.") (Emphasis added).

whether the complainant receives the TCHR's "right to sue" letter before or after the complainant receives the EEOC's "right to sue" letter, ***the complainant is still time-barred from filing any state claims later than two years after the date the complainant originally filed the complaint with the EEOC/TCHR and checked the dual-filing box***. … [O]ur construction of section 21.254 does ***not*** expand the limitations period outside the two-year provision of section 21.256 ….") (Emphasis added).[4]

Each of Plaintiff's claims against Texas Instruments fails as a matter of law because Plaintiff's Petition clearly establishes that her claims are untimely.  Plaintiff asserted each of her Claims ***solely*** pursuant to TCHRA, thereby subjecting them to TCHRA's two-year statute of limitations.  Plaintiff alleges that her employment termination on January 2, 2018 was the last allegedly unlawful discriminatory and/or retaliatory act[5], and she alleges that she dual-filed her Charge of Discrimination with the EEOC and TWC Civil Rights Division ("CRD") "within 180 days" thereafter.  *See* Pl's Petition. ¶¶ 19-20.[6]  Thus, Plaintiff's "allegations, taken as true, together with inferences reasonably drawn from them"[7] establish that Plaintiff filed her EEOC/TWC Charge of Discrimination by no later than July 1, 2018.  Therefore, the ***latest*** date the two-year statute of limitations could have expired was ***July 1, 2020***.  However, Plaintiff did

---

[4] *See also Pete v. City of Houston*, NO. 4:14-CV-2600, 2017 WL 5642479, *5 (S.D. Tex. Mar. 31, 2017) ("Whether or not he receives a [TWC right to sue] letter, the plaintiff must institute his suit within two years of filing the administrative complaint."); *Owens*, 2017 WL 3190727, at *4; *Mackey v. Cont'l Airlines*, Civil Action H-11-4246, at *11 (S.D. Tex. Apr. 10, 2012) ("Plaintiff filed her discrimination charge simultaneously with the EEOC and the TWC on October 9, 2009. She filed her original complaint in this lawsuit on December 5, 2011, two years and 57 days after she filed the discrimination charge, well outside of the two-year statute of limitations period for TCHRA claims under § 21.256. In re USAA, 307 S.W. 3d at 310. Thus, this claim is time-barred. That Plaintiff's Notice of Right To File a Civil Action was sent to Plaintiff on October 4, 2011 by the TWC does not extend the two-year limitations period established in § 21.256.").

[5] *See* Pl's Petition. ¶¶ 8, 28, 34, 38.

[6] Because of the work-sharing agreement between the EEOC and the TWC, the date Plaintiff filed her charge of discrimination with the EEOC is also the date she filed it with the TWC.  The regulations for the TWC Civil Rights Division ("CRD") provide that, "[f]or the purpose of satisfying the filing requirements of Texas Labor Code § 21.201, … [f]or a complaint filed with EEOC and deferred to CRD, timeliness of the complaint shall be determined by the date on which the complaint is ***received*** by EEOC." 40 Tex. Admin. Code § 819.71(2).

[7] Tex. R. Civ. P. 91a.1.

**TEXAS INSTRUMENTS INCORPORATED'S RULE 91a MOTION TO DISMISS**           **PAGE 5**

not file suit until ***January 19, 2021***, over 6 months after the limitations period contained in Texas Labor Code Section 21.256 expired.   Consequently, Plaintiff's Petition shows that Plaintiff's claims have no basis in law and shows that Plaintiff is not entitled to the relief she seeks because her claims are time-barred.   Accordingly, as a matter of law, Plaintiff's lawsuit must be dismissed.   *See Univ. of Tex.–MD Anderson v. Porter*, 2017 WL 5196146, at \*4 (reversing trial court's denial of a Rule 91a motion when the petition demonstrated that the two-year limitations Texas Labor Code Section 21.256 had expired).

**C.     The Court should award Texas Instruments its reasonable and necessary attorneys' fees.**

Rule 91a.7 provides that "the court may award the prevailing party on [a motion made under Rule 91a] all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. Any award of fees must be based on evidence." Tex. R. Civ. P. 7.   Plaintiff has an opportunity to avoid the Court ruling on this Motion by filing a nonsuit at least three days before the Motion is heard.   Tex. R. Civ. P. 5(a).   Should she fail to do so, despite the foregoing authority, in addition to granting the Motion, the Court should exercise its discretion to award Texas Instruments its reasonable and necessary attorneys' fees, including contingent appellate fees, in an amount to be determined upon the submission of evidence by affidavit.

### III.
### <u>CONCLUSION</u>

For the foregoing reasons, Texas Instruments respectfully requests that the Court grant this Motion, dismiss Plaintiff's claims against Texas Instruments in their entirety with prejudice, and award Texas Instruments its costs and fees associated with challenging Plaintiff's legally baseless claims.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, PC

 /s/ Robyn Funk
Robyn Funk
Texas SBN: 24104415
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
(214) 987-3800 - Phone
(214) 987-3927 - Fax
robyn.funk@ogletree.com

Stephen E. Hart
Texas SBN: 00793911
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX  77002
(713) 655-5772 – Phone
(713) 655-0020 – Fax
stephen.hart@ogletree.com

**ATTORNEYS FOR DEFENDANT
TEXAS INSTRUMENTS INCORPORATED**

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on February 15, 2021, the foregoing document was electronically filed with the Clerk of the Court using the electronic filing system, which will send notification of such filing to all parties and counsel of record.

                                                      /s/ Robyn Funk
                                                      Robyn Funk

45999815.1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Dushion on behalf of Robyn Funk
Bar No. 24104415
nancy.dushion@odnss.com
Envelope ID: 50653749
Status as of 2/22/2021 8:40 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BeLinda Redwine | | belinda.redwine@ogletreedeakins.com | 2/15/2021 8:33:36 AM | SENT |
| Robyn Funk | | robyn.funk@ogletree.com | 2/15/2021 8:33:36 AM | SENT |
| MATTHEW R.SCOTT | | matt@mattscottlaw.com | 2/15/2021 8:33:36 AM | SENT |
| MATTHEW R.SCOTT | | matt@mattscottlaw.com | 2/15/2021 8:33:36 AM | SENT |
| Stephen E.Hart | | stephen.hart@ogletree.com | 2/15/2021 8:33:36 AM | SENT |

FILED
2/15/2021 10:25 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:21-cv-00442-M    Document 1-1    Filed 03/02/21    Page 34 of 45    PageID 37

CAUSE NO. CC-21-00225-C

| | | |
|---|---|---|
| **TERRI GLOVER,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **AT LAW NO. 3** |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFF'S FIRST AMENDED PETITION**

**I.**

**INTRODUCTION**

Plaintiff Terri Glover (Plaintiff) files this First Amended Petition against Defendant Texas Instruments, Inc. (Defendant).

**II.**

**DISCOVERY CONTROL PLAN**

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

**III.**

**PARTIES**

2.      Plaintiff is an individual and a citizen of Van Zandt County, Texas.

3.      Defendant is a foreign with its principal place of business located at 12500 TI Boulevard, Dallas, Texas 75243.  Defendant may be served with process, including citation and a copy of this petition, by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.

## JURISDICTION

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Defendant employs the requisite number of employees for coverage under the relevant state laws and statutes upon which Plaintiff's claims are based.

6.      As required by Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

7.      Venue is proper in Dallas County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[2]

## VI.

## BACKGROUND FACTS

8.      Plaintiff worked for Defendant from 1979 until she was unlawfully terminated on or about January 2, 2018.

9.      At the time of her termination, Plaintiff was 59 years old.

10.     In 2014, John Daniels became Plaintiff's supervisor.

11.     Daniels immediately told Plaintiff she was a poor employee.

12.     Daniels based this off one month's numbers rather than Plaintiff's thirty-four-year work history.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

13.    Plaintiff reported to Defendant that she believed Daniels was targeting her because of her age.

14.    Over the next three years Daniels targeted Plaintiff and several other female employees.

15.    In early 2017, Plaintiff again reported to Defendant that Daniels was discriminating against her because of her age.

16.    Shortly after this Daniel placed Plaintiff on a bogus performance improvement plan.

17.    Daniel then terminated Plaintiff's employment.

18.    Daniels targeted only older female workers in purging his group.

## VII.

## CONDITIONS PRECEDENT

19.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and the Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

20.    The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

21.    More than 180 days have passed since the Charge was filed and no action has been taken.

22.    Plaintiff has timely exhausted all administrative remedies.

## VIII.

## <u>CAUSES OF ACTION</u>

**A.      First Cause of Action—Sex Discrimination—Title VII**

23.      Plaintiff incorporates each of the foregoing paragraphs.

24.      Defendant discriminated against Plaintiff because of Plaintiff's sex.

25.      Plaintiff was treated differently than similarly situated males.

26.      Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**B.      Second Cause of Action—Sex Discrimination—Discriminatory Discharge—Title VII**

27.      Plaintiff incorporates each of the foregoing paragraphs.

28.      Defendant discriminated against Plaintiff because of Plaintiff's sex, and terminated Plaintiff's employment because of her sex.

29.      Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**C.      Fourth Cause of Action—Age Discrimination—ADEA**

30.      Plaintiff incorporates each of the foregoing paragraphs.

31.      Defendant discriminated against Plaintiff because of Plaintiff's age.

32.      Defendant's actions violated 29 U.S.C. § 623(a).

**D.      Fifth Cause of Action—Age Discrimination—Discriminatory Discharge —ADEA**

33.      Plaintiff incorporates each of the foregoing paragraphs.

34.      Defendant terminated Plaintiff's employment because of Plaintiff's age.

35.      Defendant's actions violated 29 U.S.C. § 623(a).

E.      **Sixth Cause of Action—Unlawful Retaliation—Title VII and ADEA**

36.      Plaintiff incorporates each of the foregoing paragraphs.

37.      Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a) and 29 U.S.C. § 623(d).

38.      In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

39.      Defendant's actions violated 42 U.S.C. § 2000e-3(a) and 29 U.S.C. § 623(d).

## IX.

## <u>DAMAGES</u>

40.      Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), as well as 29 U.S.C. § 623(a) and 29 U.S.C. § 623(d), all of which entitle Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

41.      Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

42.      Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

43.      Because Defendant's actions were willful, Plaintiff is entitled to recover liquidated damages from Defendant equal to the amount awarded to Plaintiff as back pay, front pay, and pre-judgment and post-judgment interest, pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b).

44.      Plaintiff seeks all damages available under federal law.

# X.

## ATTORNEYS' FEES AND COSTS

45.    Plaintiff incorporates each of the foregoing paragraphs.

46.    Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

47.    Pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 626(b), and 29 U.S.C. § 216(b), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

# XI.

## INJUNCTIVE AND DECLARATORY RELIEF

48.    Plaintiff incorporates each of the foregoing paragraphs.

49.    Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

  a.    Prohibiting Defendant from engaging in unlawful discrimination;

  b.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

  c.    Reinstating Plaintiff's employment with Defendant with backpay;

  d.    Paying court costs;

  e.    A declaration that Defendant violated Plaintiff's rights under federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

  f.    Any additional equitable relief as the Court deems proper.

## XII.

## JURY TRIAL

50.     Plaintiff incorporates each of the foregoing paragraphs.

51.     Plaintiff demands a jury trial.

## XIII.

## PRAYER

52.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.     Punitive damages;

D.     Liquidated damages;

E.     Reasonable attorneys' fees and expert fees;

F.     Injunctive and declaratory relief, including but not limited to, an Order:

    a.     Prohibiting Defendant from engaging in unlawful discrimination;

    b.     Reinstating Plaintiff's employment with Defendant with backpay;

    c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.     Paying court costs;

    e.     A declaration that Defendant violated Plaintiff's rights under federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.     Any additional equitable relief the Court deems proper;

G.      Courts costs;

H.      Pre-judgment and post-judgment interest at the rate set by law; and

I.      All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@mattscottlaw.com
**SCOTT LAW FIRM PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of this document on all counsel of record through the TexFile system on February 15, 2021.

/s/ Matthew R. Scott _____

Matthew R. Scott

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matt Scott on behalf of Matt Scott
Bar No. 794613
matt@mattscottlaw.com
Envelope ID: 50654721
Status as of 2/22/2021 8:55 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| BeLinda Redwine | | belinda.redwine@ogletreedeakins.com | 2/15/2021 10:25:52 AM | SENT |
| Robyn Funk | | robyn.funk@ogletree.com | 2/15/2021 10:25:52 AM | SENT |
| Stephen E.Hart | | stephen.hart@ogletree.com | 2/15/2021 10:25:52 AM | SENT |

Associated Case Party: TERRI GLOVER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matt Scott | | matt@mattscottlaw.com | 2/15/2021 10:25:52 AM | SENT |



DALLAS COUNTY
County Court at Law No. 3
GEORGE L ALLEN BUILDING, 5TH FLOOR
600 COMMERCE STREET, 5th FLOOR
DALLAS, TEXAS  75202-5792
214-653-6394

Chambers of Sally Montgomery                                              February 02, 2021

TEXAS INSTRUMENTS, INC.
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

Re:      Cause No.   CC-21-00225-C

         Style:          TERRI GLOVER
                              vs.
                         TEXAS INSTRUMENTS, INC.

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rule of Civil Procedure,
on   **April 16, 2021 at  9:00 a.m.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts
alleged in your petition in issue, you will be expected to have moved for, and to have  had heard, a summary
judgment or to have proved up a default judgment on or prior to that date.  Your failure to have done so will
result in the dismissal of the case on the above date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case,
or if you have been unable to obtain service of process, you should plan to notify the court to obtain a reset of
the dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an un-liquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit with a form of judgment.

If you should have any questions, please feel free to call us.


                                        Very Truly Yours,

                                        Judge Sally Montgomery
                                        Judge Presiding